Alyson J. Dykes (CA State Bar No. 319835)
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
T: (657) 500-4317
F: (657) 227-0270
AlysonD@JLohman.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Ave., Ste. 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Sotomayor, *on behalf herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Bank of America, N.A., <br><br> Defendant. | Case No: <br><br> CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br> VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227) AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE § 1788 *et seq.*) <br><br> DEMAND FOR JURY TRIAL |

### Nature of this Action

1.      Stephanie Sotomayor ("Plaintiff") brings this class action against Bank of America, N.A. ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq*.

2.      Upon information and good faith belief, Defendant routinely violates the TCPA by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent, in that it continues to place calls to cellular telephone numbers after being instructed to stop calling those numbers.

1

3.     Upon information and good faith belief, Defendant routinely violates the Rosenthal Act by placing calls to telephone numbers in connection with an attempt to collect a debt after being instructed to stop calling those numbers.

### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

2.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district.

### Intradistrict Assignment

3.     Assignment to the Western Division of the Central District of California is appropriate as Plaintiff resides in Lancaster, California, which is located in Los Angeles County.

### Parties

4.     Plaintiff is a natural person who at all relevant times resided in Lancaster, California.

5.     Defendant is a multinational banking and financial services corporation based in Charlotte, North Carolina.

### Factual Allegations

6.     On or around June 19, 2018, Plaintiff placed a call to Defendant.

7.     During the ensuing conversation, Plaintiff provided Defendant her name, the last four digits of her social security number, and her cellular telephone number—(661) XXX-6387.

8.     Plaintiff additionally asked Defendant to stop calling her cellular telephone number

9.     Also during the conversation, Defendant informed Plaintiff that "this is an attempt to collect a debt and any information obtained will be used for that purpose," noted that Plaintiff's account was three payments past due, and asked Plaintiff why she fell behind on her payments.

10.     As well, Defendant acknowledged Plaintiff's request that Defendant stop calling her cellular telephone number, and stated that Defendant would remove Plaintiff's cellular telephone number from her account.

11. No matter, Defendant continued to place calls—over 150 of them—to Plaintiff's cellular telephone number.

12. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

13. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

14. To that end, Defendant posted a job opening for a "Collections & Recovery Specialist I & II," through which it described its position as: "Contacts delinquent customers in order to secure payment and determine reason for delinquency on active or inactive loan, deposit and/or credit card accounts. In the recovery area, collectors will work with customer to establish full balance repayment plans or settlements. Works an established list of accounts on an automated collections system and/or auto-dialer."[1]

15. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

16. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

17. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

18. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

---

[1] https://www.indeed.com/jobs?q=Auto%20Dialer%20System%20Specialist&vjk=e67dd7d c917103e1 (last visited Jan. 14, 2019).

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

19.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

20.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

21.     Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

22.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent, in that it continues to place calls after being instructed to stop calling those numbers.

### Class Action Allegations

23.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

*TCPA Class*: All persons throughout the United States (1) to whom Bank of America, N.A. placed, or caused to be placed, one or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) after Bank of America, N.A. was instructed to stop placing calls their cellular telephone numbers.

*Rosenthal Act Class*: All persons throughout California (1) to whom Bank of America, N.A. placed, or caused to be placed, one or more calls, (2) within one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Bank of America, N.A. was instructed to stop placing calls their telephone numbers.

24.     Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

25.     Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

26.     The exact number of the members of the classes is unknown to Plaintiff at this time,

1   and can be determined only through appropriate discovery.

2         27.   The classes are ascertainable because they are defined by reference to objective criteria.

3         28.   In addition, the members of the classes are identifiable in that, upon information and

4   belief, their cellular telephone numbers, names, and addresses, can be identified in business records

5   maintained by Defendant and by third parties.

6         29.   Plaintiff's claims are typical of the claims of the members of the classes.

7         30.   As it did for all members of the TCPA class, Defendant used an automatic telephone

8   dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, in

9   that Defendant placed calls to Plaintiff's cellular telephone number after she instructed Defendant to

10   stop calling her number.

11         31.   As it did for all members of the Rosenthal Act class, Defendant placed calls to

12   Plaintiff's telephone number in connection with the collection of an alleged debt after she instructed

13   Defendant to stop calling her number.

14         32.   Plaintiff's claims, and the claims of the members of the classes, originate from the same

15   conduct, practice, and procedure on the part of Defendant.

16         33.   Plaintiff's claims are based on the same theories as are the claims of the members of

17   the classes.

18         34.   Plaintiff suffered the same injuries as the members of the classes.

19         35.   Plaintiff will fairly and adequately protect the interests of the members of the classes.

20         36.   Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

21   interests of the members of the classes.

22         37.   Plaintiff will vigorously pursue the claims of the members of the classes.

23         38.   Plaintiff has retained counsel experienced and competent in class action litigation.

24         39.   Plaintiff's counsel will vigorously pursue this matter.

25         40.   Plaintiff's counsel will assert, protect, and otherwise represent the members of the

26   classes.

27

28

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

41.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

42.     Issues of law and fact common to all members of the classes are:

a.     Defendant's conduct, pattern, and practice of continuing to place calls to cellular telephone numbers after being instructed to stop doing so;

b.     Defendant's violations of the TCPA;

c.     Defendant's violation of the Rosenthal Act;

d.     Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

e.     The availability of statutory penalties.

43.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

44.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

45.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

46.     The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

47.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

48.     The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

49.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

50. There will be little difficulty in the management of this action as a class action.

51. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

52. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-51.

53. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent.

54. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA class are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of Cal. Civ. Code § 1788.17**

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-51.

56. The Rosenthal Act at Section 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

57. By repeatedly calling Plaintiff's telephone number after she asked Defendant to stop calling her number, Defendant violated 15 U.S.C. § 1692d, which states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) ("Moreover, pursuant to § 1692d(5), [a plaintiff] is only required to plead enough facts to show that it is plausible that [the defendant] caused his cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. *Twombly*, 550 U.S. at 570. He has. Taking the facts in the light most favorable to [the plaintiff], the Court notes

7

that [the defendant], despite being informed it had the wrong number, has placed more than two calls to [the plaintiff's] cellular telephone number.").

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action;

    b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

    c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

    e) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

    f) Adjudging that Defendant willfully violated Cal. Civ. Code § 1788.17.

    g) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed TCPA class without prior express consent;

    h) Awarding Plaintiff and the TCPA class damages under 47 U.S.C. § 227(b)(3)(B);

    i) Awarding Plaintiff and the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

    j) Awarding Plaintiff and the Rosenthal Act class statutory damages under Cal. Civ. Code § 1788.30.

    k) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure.

    l) Awarding Plaintiff and the Rosenthal Act class reasonable attorneys' fees, costs, and expenses under and Cal. Civ. Code § 1788.30;

    m) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

    n) Awarding such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Date: January 24, 2019

*/s/ Alyson J. Dykes*
Alyson J. Dykes (CA State Bar No. 319835)
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
T: (657) 500-4317
F: (657) 227-0270
AlysonD@JLohman.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Ave., Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL